IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DICTRICT OF FLORIDA

| | | |
|---|---|---|
| Mohammed Jameel Shaikh | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: 17-cv-367-40TBS |
| | * | |
| Hussam Reziqa | * | |
| et al. | * | |
| | * | |
| Defendants | * | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FOR OTHER RELIEF [DOCKET NUMBER 32]**

Defendants, Saud Suleiman, Hussam Reziqa, Essam Mgahed, Faizool Hanif Ali Jr., Hassan Saboungi, Mahmoud Saboungi, Wali Alafghani, Khaled Resheidat, and any unnamed Defendant member of the Islamic Center of Daytona Beach Board past and present (collectively John Doe (1) (2) and (3)), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) hereby files their Memorandum of Law in Support of their Motion to Dismiss Plaintiff Complaint and for Other Relief.

**INTRODUCTION**

The Plaintiff's complaint is frivolous and contemptible. The Plaintiff seems to have a personal vendetta against the defendants for personal reasons and have sought to have this court intervene which is outside of the jurisdiction of this Court. Although the Plaintiff's complaint is extensive, the first 26 pages details the tenants, precepts, and pillars of the Islamic faith. Then the Plaintiff spends an enormous amount of time discussing his account of personal/non-legal events

which took place in which he believes he was mistreated. The Plaintiff goes into intricate details of personal disputes, unfounded allegations against various board members of the Islamic Center of Daytona Beach, and vitriolic statements of the Plaintiffs mandate to speak against evil and promote good. The complaint concludes with eight extremely formulaic, and conclusory causes of action without basis in the current law. The complaint should be dismissed with prejudice for bringing such a frivolous action.

## ARGUMENT

### I. The Court Lacks Jurisdiction Over Plaintiffs' Claims.

Plaintiffs bear the burden to show subject matter jurisdiction under Rule 12(b)(1), and the Court must determine whether it has subject matter jurisdiction before addressing the merits of the complaint. See *Steel Co. v Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Plaintiffs cannot satisfy their burden.

### II. Standard of Review – Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations that are "more than labels and conclusions" and are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). A court may dismiss a complaint on a dispositive issue of law. See, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1173 (11th Cir. 1993). Moreover, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). Dismissal of a complaint with prejudice is proper where it conclusively appears that there is no possible way to amend a complaint to state a claim. See, *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997).

Moreover, in *Conley v. Gibson, 355 U.S. 41, 47 (1957)*, the Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, **a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**." **(emphasis added)** *Id.* (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations, footnote, and emphasis omitted). The Court emphasized that Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citation omitted).

In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), the court must consider the well-pleaded material allegations in the light most favorable to the plaintiff and accept those factual allegations as true. *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994)). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d. 209 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)). Nor is the court bound to accept a plaintiff's legal conclusions based on the facts alleged. District 28, *United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979).

The purpose of Rule 12(b)(6) is to provide the defendant with a mechanism to test the legal sufficiency of the complaint, but not the facts that support it. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). A complaint should be dismissed when it lacks a cognizable legal theory

or alleges facts insufficient to form a factual basis for a legal claim against another party. *Wellmore Coal Corp.*, 609 F.2d at 1085-86. As discussed below, Plaintiffs' claims fail to meet this standard, and all claims in the Complaint should be entirely dismissed.

A. <u>Count I- Malicious Abuse of Process</u>

Count I of Plaintiff's Complaint alleges malicious abuse of process. A cause of action for abuse of process requires: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." *Valdes v. GAB Robins North America, Inc.*, 924 So. 2d 862, 867 n.2 (Fla. Dist. Ct. App. 3d Dist. 2006) (quoting *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. Dist. Ct. App. 5th Dist. 2001). Despite the requirement of an ulterior motive, the tort focuses on the scope and purpose of the issued process, and the fact that a defendant acts out of "an incidental or concurrent motive of spite" is irrelevant so long as "the process is used to accomplish the result for which it was created." *Scozari v. Barone*, 546 So. 2d 750, 751 (Fla. Dist. Ct. App. 3d Dist. 1989). Abuse of process "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 n.8 (Fla. Dist. Ct. App. 3d Dist. 1984) (quoting *W. Prosser, Handbook of the Law of Torts* § 121 (4th ed. 1971)).

However, in the instant case, Plaintiff alleges that Defendants' had no probable cause for invoking of the legal trespass process. For a defendant to engage in "an illegal, improper, or perverted use of process," however, they must commit an improper willful act during the course of the prior proceedings. See, *Valdes*, 924 So. 2d at 867; *Yoder v. Adriatico*, 459 So. 2d 449, 450 (Fla. Dist. Ct. App. 5th Dist. 1984) ("the tort of abuse of process is concerned with the improper

use of process after it issues") (emphasis added). When a claim pleads "no abuse of the process apart from the complaint," for instance, it "amounts to nothing more than a thinly disguised malicious prosecution claim." *Blue v. Weinstein*, 381 So. 2d 308, 311 (Fla. Dist. Ct. App. 3d Dist. 1980). See, also *Peckins v. Kaye*, 443 So. 2d 1025, 1026 (Fla. Dist. Ct. App. 2d Dist. 1983) (counterclaim that caused undue expenditures of time and money was not abuse of process absent "an improper willful act during the course of the proceedings"); *McMurray v. U-Haul Co.*, 425 So. 2d 1208, 1209 (Fla. Dist. Ct. App. 4th Dist 1983) (no abuse of process even when the complaint was filed for an improper and malicious purpose).

Moreover, some courts require that the willful act result in the issuance of 1 additional process in the proceedings, such as a subpoena or capias. See, *Steinhilber v. Lamoree*, 825 F. Supp. 1003, 1006 (S.D. Fla. 1992) (no abuse where defendant threatened plaintiff with financial retribution if he did not settle the case, as "no writ or other process was issued to carry out any alleged threats"); *Miami Herald Pub. Co., Div. of Knight-Ridder Newspaper, Inc. v. Ferre*, 636 F. Supp. 970, 974-75 (S.D. Fla. 1985) (no misuse of civil process when party sent malicious criminal complaint to state attorney's office after the civil suit was filed). While the Court is not prepared to adopt this standard, Plaintiff's claim would fail on those grounds as well, as no additional process was issued after the alleged use of the trespass process. Yet even if these assertions are accepted as true, the Defendants have not taken any action which denotes abuse or improper use of process upon the Plaintiff. Florida courts require that the "use of process" occur after the process is issued. Therefore, Plaintiff's abuse of process claim cannot be based on the defamatory or coercive effect of the alleged invoking of the legal trespass law. As a result of the foregoing, Count I of Plaintiff's Complaint must be dismissed.

    B.    <u>Count II- 42 U.S. Code § 1983 Action for Deprivation of Civil Rights</u>

Count II of Plaintiff's Complaint alleges that the Defendants violated 42 U.S. Code § 1983. Plaintiff has misinterpreted 42 U.S. Code § 1983. Individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985). Judgment in individual capacity cases are executed against the official's personal assets. Id.

The tenants of *Person Acting Under Color Of State Law* are as follows:

> a. Section 1983 remedies are only available for actions taken by persons acting under color of state law. Courts ask "whether the state was sufficiently involved to treat that decisive conduct as state action . . . Thus, in the usual case we ask whether the state provided a mantle of authority that enhanced the power of the harm-causing individual actor." *NCAA v. Tarkanian*, 488 U.S. 179, 192 (1988) (holding that a state university's enforcement of the rules of a private association did not transform the private association into a state actor).
> b. The Supreme Court has recognized that "although the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional restraints." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 610 (1991).
> c. Where a private party engages in essentially public acts, the line between public and private action is blurred. Thus, the Fourth Circuit has recognized several factors courts may employ to determine whether a private party will be deemed a state actor for Section 1983 purposes.
>
>> 1. When the state has coerced the private sector to commit an act that would be unconstitutional if done by the state;
>> 2. When the state has sought to evade a constitutional duty through delegation of private actor;
>> 3. When the state has delegated the traditionally and exclusively public function to a private act; and
>> 4. When the state has committed an unconstitutional act in the course of enforcing the right of a private citizen.

*See DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995); *Edmonson*, *supra*, see also *Mentavlos v. Anderson*, 249 F.3d 301 (4th Cir. 2001) (citing *DeBauche* and recognizing that the proper

factors will depend on the specific case); *Goldstein v.Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000) (listing such factors as the extent of public benefits accorded the private entity, the extent of governmental regulation over the private entity, and whether the state itself views the private entity as a state actor).

Courts have held that under the civil rights statutes a complaint will be held to a greater degree of specificity then one which falls solely under Fed.R.Civ.P. 8(b), requiring simply a plain short statement of the facts. In a civil rights action, more than mere conclusory allegations are required. *Carter v. Thompson,* 808 F. Supp. 1548, 1553 (M.D.Fla. 1992), (citing, *Fullman v. Graddick,* 739 F.2d 553, 556 (11th Cir.1984)). A complaint will be dismissed as insufficient where the allegations are vague and conclusory. *Id.*

Plaintiff fails to state a cause of action under § 1981 because the complaint is devoid of any facts which demonstrate racial or religious discrimination. Assuming the allegations are true and looking at the Complaint in the light most favorable to Plaintiff, the Complaint merely states conclusions. Moreover, the Defendants are not state officials and therefore, 42 U.S. Code § 1983 is not applicable to them. Even so, the Plaintiff does not show that Defendants were reckless or indifferent due to Plaintiff's race or religion. Absent any facts supporting Plaintiff's conclusions, Plaintiff does not meet his pleading standard and Count II should be dismissed.

C.      Count III - Conspiracy In Violation Of 42 U.S.C. § 1985(3)

As with Count II, Plaintiff has misinterpreted 42 U.S. Code § 1985(3) which states:

Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly

or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Moreover, the Plaintiff's use of this Code is gravely taken out of context and his attempt to apply it to this case misses the intent of the law in its entirety. Section 1983 was enacted on April 20, 1871, as part of the Civil Rights Act of 1871, and is also known as the "Ku Klux Klan Act" because one of its primary purposes was to provide a civil remedy against the abuses that were being committed in the southern states, especially by the Ku Klux Klan. While the existing law protected all citizens in theory, its protection in practice was unavailable to some because those persons charged with the enforcement of the laws were unable or unwilling to do so. The Act was intended to provide a private remedy for such violations of federal law, and has subsequently been interpreted to create a species of tort liability.

Furthermore, The traditional definition of acting under the color of state law requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Parratt v. Taylor*, 451 U.S. 144, 152 (1970). Such actions of one authorized by the state may result in liability even if the defendant abuses the position given to

him by the state. *Monroe v. Pape*, 365 U.S. 167, 172 (1961). A private actor may also act under color of state law under certain circumstances. For example, it has been held that a physician who contracts with the state to provide medical care to inmates acts under the color of state law. *Wyatt v. Cole*, 504 U.S. 158, 162 (1992); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). *West v. Atkins*, 487 U.S. 42 (1988); *Ort v. Pinchback*, 786 F.2d 1105 (11th Cir. 1986). For all practical purposes, the "color of state law" requirement is identical to the "state action" prerequisite to constitutional liability.

Section 1985(3) is a purely remedial statute which creates no rights and provides a civil cause of action only when some otherwise defined federal right is breached by a conspiracy in the manner defined by the statute. *Great American Federal Savings & Loan Assoc. v. Novotny*, 442 U.S. 366, 376, 99 S. Ct. 2345, 2351, 60 L. Ed. 2d 957 (1979). Thus, the Court must determine whether plaintiff's complaint alleges a class-based conspiracy to deprive him of federal rights which are protected under the statute.

Under section 1985(3), the plaintiff must establish:

> (1) a conspiracy;
> (2) motivated by racial or other class-based invidious discrimination;
> (3) for the purpose of depriving directly or indirectly any person of equal protection of the laws of equal privileges and immunities under the laws;
> (4) some act committed in furtherance of the conspiracy and
> (5) an injury to the plaintiff's person or property or a deprivation of any right or privilege of a United States citizen.

*Arnold v. Board of Education*, 880 F.2d 305, 317 (11th Cir.1989). To withstand a motion to dismiss brought pursuant to Rule 12(b) (6), Fed.R.Civ.P., a plaintiff must simply plead general facts from which a conspiracy can be inferred, and the existence of the conspiracy may be shown by circumstantial evidence. Id. at 317. However, facts relating to the overt acts must be pled with specificity. Id.

In the instant action, the Plaintiff alleges violations by private citizens and not state or federal government officials. The Plaintiff is not a part of any protected class to which he claims the Defendants' have conspired to deprive him of any rights since all of the parties are Islamic. Therefore, the Plaintiff's Count III must be dismissed.

D. <u>Count IV - Conspiracy In Violation Of 42 U.S.C. § 1986</u>

Count IV of Plaintiff's Complaint alleges that the Defendants Conspired in violation of 42 U.S.C. § 1986. 42 U.S.C. § 1986 states as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

Plaintiff alleges that Defendants violated 42 U.S.C. § 1986, apparently asserting that one or more of the Defendants knew of the alleged conduct of the other Defendants, had the power to prevent them, and neglected or refused to do so. See 42 U.S.C. § 1986 above. This claim fails because Plaintiff does not allege any facts indicating that any of the Defendants had the requisite knowledge, power to prevent, and neglect or refusal. It also fails because a viable § 1985 claim is a prerequisite to an actionable § 1986 claim, *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991), and for the reasons discussed above, Plaintiff has no claim under § 1985. Accordingly,

Plaintiff fails to state a claim for relief under either § 1985 or § 1986 and both Counts III and IV must be dismissed.

> E.     Count V - Conspiracy In Violation Of 42 U.S.C. § 1986

Defendants incorporates their response to Count IV and would therefore argue that this Count also should be dismissed per the case law presented in the prior count Section "D."

> F.     Count VI - Conspiracy In Violation Of 42 U.S.C. § 1985

Defendants incorporates their response to Count III with regard to 42 U.S.C. § 1985 and would therefore argue that this Count also should be dismissed per the case law presented in the Count III Section "C." Notwithstanding same, Plaintiff's allegation for Slander Per Se and Libel cannot stand. Under Florida law, "[d]efamation encompasses both libel and slander. Slander is ordinarily confined to defamatory spoken words, whereas libel pertains to defamatory written statements." *Klayman v. Judicial Watch, Inc.*, 2014 WL 2158418, at *4 & n.2 (S.D. Fla. May 23, 2014) (quotations omitted) (similarly treating the elements of libel and slander, and defamation generally).

"To recover for libel or slander under Florida law, a plaintiff must demonstrate that:

> (1) the defendant published a false statement;
>
> (2) about the plaintiff;
>
> (3) to a third party; and
>
> (4) the [plaintiff] suffered damages as a result of the publication."

*Thompson v. Orange Lake Country Club, Inc.*, 224 F. Supp. 2d 1368, 1376 (M.D. Fla. 2002) (citing *Valle 5 v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. 3d DCA 1999)).

"A published statement is libelous per se if:

> (1) it charges that a person has committed an infamous crime;

(2) it charges a person with having an infectious disease;

(3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or

(4) it tends to injure one in his trade or profession."

*Klayman*, 2014 WL 2158418 at *2 (quoting *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953) (en banc)). "The first element of the claim, a false statement of fact, is the sine qua non for recovery in a defamation action." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006) (quoting *Hallmark Builders, Inc. v. Gaylord Broad., Co.*, 733 F. 2d 1461, 1464 (11th Cir. 1984); *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983)) "[A] defamation claim may not be actionable when the alleged defamatory statement is based on non-literal assertions of fact or rhetorical hyperbole that cannot reasonably be interpreted as stating actual facts about an individual." *Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002) (quotations omitted). Hyperbolic rhetoric itself negates the impression that the writer seriously maintained her words as statements of fact. See, *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *Fortson*, 434 F. Supp. 2d at 1378-79 ("Although rhetorically hyperbolic statements may at first blush appear to be factual, they cannot reasonably be interpreted as stating actual facts about their target.") (citing *Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F. 3d 1430, 1438 (9th Cir. 1995)).

It is for the Court to decide, as a matter of law, whether the complained of words are actionable expressions of fact or non-actionable expressions of pure opinion and/or rhetorical hyperbole. See *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 936 F. Supp. 917, 923 (M.D. Fla. 1996) ("[W]hether the alleged defamatory word is a[ ] non-actionable expression of pure opinion or an actionable expression of pure fact . . . is a question of law for the Court.") (citing Florida cases). "In determining whether an allegedly defamatory statement is an expression of fact or an

expression of pure opinion and/or rhetorical hyperbole, context is paramount." *Fortson*, 434 F. Supp. 2d at 1379; see also *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981) ("[T]he test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality and the context in which it was uttered or published."); *LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc.*, 842 So. 2d 881, 885 (Fla. 4th DCA 2003) ("One looks to the totality of the statement, the context in which it was published, and the words used to determine whether the statement is pure or mixed opinion."); *Spears v. Albertson's, Inc.*, 848 So. 2d 1176, 1178 (Fla. 1st DCA 2003) ("A determination of whether these words constitute slander must be made by considering the context in which the words were spoken.").

In the instant action, the Defendants would argue that the Plaintiff in his complaint has provided no proof of any writings or publications nor that any statements allegedly made are not true. Moreover, the Plaintiff has not met the requirements for libel or slander and as stated previously Count VI must also be dismissed.

G. <u>Count VII - Conspiracy In Violation Of 42 U.S.C. § 1985 Intentional Infliction Of Emotional Distress And Conspiracy</u>

Defendants incorporates their response to Count III with regard to 42 U.S.C. § 1985 and would therefore argue that this Count also should be dismissed per the case law presented in the Count III Section "C." Notwithstanding same, Plaintiff's allegation for Intentional Infliction Of Emotional Distress And Conspiracy cannot stand. Under Florida law, a claim for intentional infliction of emotional distress requires a showing of four elements:

(1) the conduct must be intentional or reckless;

(2) it must be so outrageous as to "go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in civilized community;"

(3) it must cause emotional distress; and

(4) that it is severe.

*Stewart v. Walker*, 5 So.3d 746, 749 (Fla. Dist. Ct. App. 2009).

In *Delk v. Bank of America, N.A.*, 2016 WL 70617, at *4 (M.D. Fla. Jan. 6, 2016) (Corrigan, J.) Whether conduct is extreme and outrageous is a question of law. *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985). Courts uphold claims for Intentional Infliction Of Emotional Distress in only 'extremely rare circumstances. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Delk, 2016 WL 70617, at 4.

In the instant action the Plaintiff fails to allege any facts establishing that the Defendants' conduct was extreme or outrageous and fail to identify emotional distress in the Plaintiffs. The alleged conduct is neither extreme nor outrageous. The allegations in Plaintiff's complaint fail to show any action on the part of the Defendants that can mildly be considered to be a conspiracy that is "odious and utterly intolerable in the civilized community." Likewise, they also fail to show any resulting "severe distress" by the Plaintiff. Because the Plaintiff's complaint does not plausibly allege a claim for intentional infliction of emotional distress, Count VII must be dismissed.

H. Count VIII - Negligent Infliction Of Emotional Distress By Hussam & et. al (Text Statements)

Defendants incorporates their response to Count VII with regard to Infliction Of Emotional Distress and would therefore argue that Count VIII should also be dismissed as it does not meet the requirements per Florida Law for infliction of Emotion Distress. Notwithstanding same,

Plaintiff did not allege any physical impact or specific physical injury in his complaint. "A discernible and demonstrable physical injury must flow from the accident before a cause of action exists (for negligent infliction of emotional distress)." *Brown v. Cadillac Motor Car Div.*, 468 So. 2d 903, 904 (Fla. 1985).

Emphasizing the stringent requirements of Florida law governing this tort is the fact that very few reported cases can be found in which a judgment for damages has actually been entered in favor of a successful plaintiff, and affirmed on appeal. Pleading a cause of action for intentional infliction of emotional distress is one thing, avoiding summary judgment or prevailing at trial is quite another. The sending of a text does not prove intentional infliction of emotional distress. Therefore, since the Plaintiff has not alleged any acts committed by the Defendant which would meet the requirements of Negligent Infliction Of Emotional Distress Count VIII must be dismissed.

## **CONCLUSION**

Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice for the reasons set forth hereinabove and under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Service and signature page to follow:

CERTIFICATE OF SERVICE

I hereby certify that on 6/17/2017 , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Jameel Shaikh 525 Belleview Avenue Daytona Beach, FL 32114.

Respectfully submitted,

AOUADI LAW

  /s/ Tark Richard Aouadi, Esq.
    283 Cranes Roost Boulivard 111
    Altamonte Springs FL 32701
    FLBN 0671223
    407-339-0543
    tark@aouadilaw.com
    For Defendants