UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOHAMMED JAMEEL SHAIKH,

    Plaintiff,

v.        Case No: 6:17-cv-367-Orl-40TBS

HUSSAM REZIQA, ESSAM MGAHED, FAIZOOL HANIFF ALI, JR., HASSAN SABOUNGI, SAUD SULEIMAN, MAHMOUD SABOUNGI, WALI ALAFGHANI M., KHALID N. RESHEIDAT, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,

    Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on the following:

1. Plaintiff's Motion for Appropriate Redress for Assault on Process Server by Defendant Essam Mgahed (Doc. 20);

2. Defendants' Motion to Dismiss Plaintiff's Complaint and for Other Relief (Doc. 32);

3. Plaintiff's Objection to Defendants' Motion to Dismiss (Doc. 41);

4. Defendants' Memorandum of Law in Support of Their Motion to Dismiss (Doc. 52);

5. Plaintiff's Motion for Order Enjoining Daytona Beach Police and All Law Enforcement Agencies from Enforcement of Trespass (Doc. 42);

6. Defendants' Response to Plaintiff's Motion for Injunctive Order (Doc. 46); and

7. Plaintiff's Rebuttal to Defendant's Response to Plaintiff's Motion for Injunctive Order (Doc. 48).

The parties have completed their briefing and the Court is otherwise fully advised on the premises. Upon consideration, Defendants' motion to dismiss is granted.

## I. BACKGROUND[1]

This *pro se* suit arises out of a dispute between Plaintiff, Mohammed Jameel Shaikh, and Defendants, individuals who are members of the Islamic Center of Daytona Beach ("ICDB"). The complaint details a series of disputes leading to Plaintiff's apparent expulsion from the ICDB. In a section captioned "Malicious retaliation for Evicting his family", Plaintiff describes a dispute with Faizool Haniff Ali, Sr., regarding a property that Plaintiff rented to Ali and his family for a time, which resulted in Plaintiff evicting Ali and his family. Relatedly, Plaintiff alleges Ali stole at least $25,000 of Plaintiff's funds from a shared account.

Plaintiff next details his increasing involvement with the ICDB beginning in 2010. In 2013, the Executive Committee of the ICDB was considering purchasing a former YMCA building to replace the then-existing ICDB location. Plaintiff advised that the existing ICDB location should not be abandoned, and vocally opposed the purchase of the YMCA building, thereby creating tension between Plaintiff and ICDB members who supported the purchase.

---

[1] This account of the facts is taken from Plaintiffs' Verified Civil Complaint (Doc. 1), the factual allegations of which the Court accepts as true when considering Defendants' motion to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Plaintiff contends that in early 2017, Defendant, Hussam Reziqa, circulated a message to several ICDB members that Plaintiff "was about to Kill someone on the Dawa day with a Knife in His Hand." The complaint alleges the message was designed to create a pretext to expel Plaintiff from the ICDB thereby silencing his opposition to the YMCA-building purchase, and as revenge for his eviction of Ali's family. The locks to the ICDB were later changed, preventing Plaintiff's entry. Plaintiff states he was cited for trespassing on February 7, 2017, when he attempted to enter the ICDB, prompting this suit.

The complaint proceeds in eight counts. Count I is a 42 U.S.C. § 1983 claim premised on malicious abuse of process relating to the February 7, 2017, trespass. Count II alleges another § 1983 claim. Count III, VI, VII, and VIII aver conspiracies in violation of 42 U.S.C. § 1985(3). Counts IV and V raise derivative claims under 42 U.S.C. § 1986 for failure to protect Plaintiff from harm stemming from the alleged § 1985(3) conspiracies.

There are currently three pending motions in this action. First, Plaintiff seeks redress from the Court in relation to an alleged assault on a process server. (Doc. 20). Second, Defendants have collectively moved to dismiss the complaint for failure to state a claim. (Doc. 32). Third, Plaintiff seeks an injunction prohibiting law enforcement officers from citing him for trespassing on ICDB property. (Doc. 42).

As a preliminary matter, it is apparent that Plaintiff lacks standing to obtain relief from the Court for the alleged assault against a third-party process server.[2] Plaintiff's motion seeking such relief (Doc. 20) is thus denied.

---

[2] "[S]tanding is a threshold test that, if satisfied, permits a federal court to proceed to the question of whether a plaintiff has a cause of action." *Fla. Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999). Because standing is a

## II. STANDARDS OF REVIEW

### A. Jurisdiction

Federal courts are courts of limited jurisdiction, meaning that they are restricted to hearing those types of cases specifically enumerated by Article III of the Constitution or otherwise granted to them by Congress. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). A federal district court has the ongoing obligation to determine whether subject matter jurisdiction is present. *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

### B. Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must

---

threshold jurisdictional requirement, a district court is obligated to examine standing, and need not wait for the parties to raise the issue. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.9 (11th Cir. 1993). To decide standing, a district court considers several factors. Critically, a plaintiff must have suffered "an invasion of a legally protected interest," that is, an "injury in fact." *Doe v. Pryor*, 344 F.3d 1282, 1285 (11th Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

### C. Review of *Pro Se* Party's Pleadings and Motions

The Court has a duty to liberally construe a *pro se* plaintiff's filings and to afford greater leeway in alleging a claim for relief than what is given to licensed attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam). Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer." *Id.* at 610 (internal quotation marks omitted). Moreover, the Court may not "rewrite an otherwise deficient pleading in order to sustain an action" for a *pro se* party. *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III. DISCUSSION

### A. Counts I and II

Counts I and II of the complaint allege 42 U.S.C. § 1983 claims. Count I is premised on a state claim for malicious abuse of process. Count II is premised on the alleged deprivation of plaintiff's rights to worship in the ICDB building. Both claims are due to be dismissed.

To state a claim under § 1983, a plaintiff must allege: "1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights secured by the Constitution or laws of the United States." *Morrison v. Wash. Cty., Ala.*, 700 F.2d 678, 682 (11th Cir. 1983). Plaintiff has

failed to plead both requirements: state action and violation of a federal right. Accordingly, Counts I and II are due to be dismissed.

To the extent either Count could be construed as raising state law claims, the Court would be without jurisdiction. Federal courts may adjudicate causes of action arising under state law pursuant to diversity jurisdiction. Diversity jurisdiction is only present in actions between citizens of different states. 28 U.S.C. § 1332(a)(1); *McCormick v. Alderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Plaintiff alleges that he is, and all Defendants are, Florida citizens. Accordingly, there is no basis for diversity jurisdiction in this case.

### B. Counts III and VI–VIII

Counts III and VI through VIII of the complaint allege conspiracies in violation of 42 U.S.C. § 1985(3). These claims are similarly due to be dismissed.

To state a claim under § 1985(3), a plaintiff must allege:

> (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States.

*Jiminez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010). Where the alleged conspirators are private actors, the plaintiff must show that the conspiracy targeted "rights constitutionally protected against private impairment." *Id.* These rights are limited to "only select 'serious constitutional right[s].'" *Id.* (alteration in original) (quoting *Cook v. Randolph Cty.*, 573 F.3d 1143, 1157 (11th Cir. 2009)). The only "serious constitutional rights" explicitly identified by the Supreme Court are the "right to interstate travel and the right

against involuntary servitude." *Id.* The Supreme Court has found that abridgement of lesser-protected rights, like the right to free speech or the abortion right, fail to support a private conspiracy claim under § 1985(3). *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993).

Because Counts III and VI through VIII fail to allege violation of a "serious constitutional right," Plaintiff's § 1985(3) claims fail to state a plausible claim for relief, and are therefore dismissed. Moreover, because of the lack of diversity of citizenship between the parties, construing the claims brought in Counts III and VI through VIII as state law causes of action would not save them from dismissal.

### C. Counts IV and V

Counts IV and V allege Defendants breached a duty to protect Plaintiff from a § 1985 conspiracy in violation of 42 U.S.C. § 1986. These claims, too, are due to be dismissed.

> Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." Section 1986 claims are therefore derivative of § 1985 violations.

*Park v. City of Atlanta*, 120 F.3d 1157, 1159 (11th Cir. 1997) (citation omitted) (quoting 42 U.S.C. § 1986). Because the Court finds Plaintiff's § 1985 claims are not viable, the remaining § 1986 claims lack the necessary foundation, and thus fail to state a plausible claim for relief. As discussed above, construing these claims as arising under state law would not avoid dismissal, since diversity jurisdiction would be lacking. Therefore, Counts IV and V are dismissed.

### D. Leave to Amend

As a final matter, the Court must discuss whether it is appropriate to grant Plaintiff leave to amend. It is well-settled that a court should not dismiss a plaintiff's complaint for failing to state a claim without first granting leave to amend. *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (per curiam). Nevertheless, a court may dismiss a claim without affording an opportunity to amend where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that he [or she] could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam).

Leave to amend is not appropriate in this case. Plaintiff has provided no reason for the Court to believe he could offer allegations to make any of his claims plausible. Plaintiff failed to allege "state action" to support his § 1983 claims—and a review of the complaint indicates that Plaintiff is suing for harm caused by private actors. Regarding the alleged § 1985(3) claims, Plaintiff has failed to allege violation of a "serious constitutional right" necessary to support such claims, and it is apparent that no such rights were impaired by the alleged wrongful actions. Finally, because of the failure of Plaintiff's § 1985(3) claims, his § 1986 claims also fail.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Appropriate Redress for Assault on Process Server (Doc. 20) is **DENIED**.
2. Defendants' Motion to Dismiss Plaintiff's Complaint and for Other Relief (Doc. 32) is **GRANTED**.
3. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.
4. The Clerk of Court is **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Orlando, Florida on December 15, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties