IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Mohammed Jameel Shaikh | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | 6:17-CV-367-ORL-40TBS |
| Hussam Reziqa, et al. | * | |
| | * | |
| | * | |
| Defendants | * | |

_____

**DEFENDANTS' RENEWED VERIFIED MOTION TO RECOVER ATTORNEYS'
FEES AND COSTS AND ACCOMPANYING MEMORANDUM OF LAW**
Renewed to include FMD 3.01 g compliance language

COMES NOW, Defendants, as the prevailing parties, by and through their undersigned counsel and pursuant to 42 U.S.C. §§ 1983, 1988, Federal Rule of Civil Procedure 54(d)(2), and Local Rule 7.3, hereby move to recover attorneys' fees and costs. This motion should be granted for reasons set forth in the memorandum of law below.

**<u>MEMORANDUM IN SUPPORT</u>**

1. On or about March 3, 2017, Plaintiff filed this action seeking damages and injunctive relief. Subsequently the Defendants filed a Motion to Dismiss.

2. On or about December 15, 2017, the Court granted the Defendants' Motion to Dismiss the action.

3. Without question, Defendants are the prevailing party in the action and, as such, are entitled to fees and costs under the attorney fees provision set forth at 42 U.S.C. § 1988.

4. For the reasons described below and in the accompanying documentation,

Defendants seek an order awarding them $32,100.00 in fees and in $5,000.00 costs and expenses.

## I.   DEFENDANTS ARE THE PREVAILING PARTY ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS

5.  Prevailing parties bringing suit under 42 U.S.C. § 1983 are entitled to recover their reasonable attorneys' fees and costs. *See* 42 U.S.C. § 1988(b) (2012) ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."). A prevailing party in a federal civil rights suit "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968); *accord Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983).

"Awards of attorney fees are an integral part of the remedies necessary to obtain compliance with the civil rights laws." *Price v. Pelka*, 690 F.2d 98, 101-02 (6th Cir. 1982) (citation omitted).

Indeed, the award of attorney's fees is especially appropriate in cases of first impression—such as this case—because they "generally require more time and effort on the attorney's part . . . [and] he should be appropriately compensated for accepting the challenge." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

6.A prevailing defendant in a Title VII action may be awarded attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith, or that the plaintiff continued to litigate after it clearly became so." *Roper v. Edwards*, 815 F.2d 1474, 1478 (11th Cir. 1987) quoting *Christiansburg Garment Co. v. The E.E.O.C.*, 434 U.S. 412 (1978). In determining whether to assess attorney's fees, the Court must examine (1) whether the plaintiff established a prima facie case; (2) whether the

defendant offered to settle and (3) whether the court dismissed the case prior to trial or held a fullblown trial on the merits. *Turner v. Sungard Business Systems, Inc*., 91 F.3d 1418, 1422 (11 Cir. 1996); *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11 Cir. 1985).

7.In the instant case, Plaintiff did not establish a prima facie case and the case was dismissed prior to the summary judgment stage yet with approximately 5 months left until trial and after a complete round of discovery with opposition to production of documents.

8.Additionally, no special circumstances exist rendering a fee award to Defendants unjust in this case. "[Plaintiff] 'bears the burden of proving the existence of special circumstances'" to avoid paying attorneys' fees, *Crowder v. Hous. Auth. of Atlanta*, 908 F.2d 843, 848 (11th Cir. 1990), and "the special circumstances exception . . . 'should be narrowly construed so as to not to interfere with the congressional purpose in passing such statutes.'" *Maloney v. City of Marietta*, 822 F.2d 1023, 1027 (11th Cir. 1987) (quoting *Martin v. Heckler,* 773 F.2d 1145, 1149-50 (11th Cir. 1985)). Here, Defendants' request is well-documented, accurate, and reasonable. Thus, Defendants are entitled to an award of fees in this case.

## II. THE REQUESTED FEE AWARD IS REASONABLE.

### A. The Lodestar Method is the Appropriate Manner of Calculating Fees

9. The Supreme Court has endorsed the lodestar method as meeting the reasonableness standard set forth in civil rights fee-shifting statutes such as 42 U.S.C. § 1988. *Perdue v. Kenny ex rel. Winn*, 130 S. Ct. 1662, 1669 (2010) ("[T]here is a strong presumption that the lodestar is sufficient . . . ."). The Eleventh Circuit and the Southern District of Florida also have adopted the lodestar method in determining reasonable attorney's fees. *See, e.g., Norman*, 836 F.2d, 1292 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture v. City of Miami*, 771 F.

Supp. 1190 (S.D. Fla. 1991). To determine the "lodestar," the court calculates the hours reasonably

expended by counsel multiplied by the prevailing market rates. *Perdue*, 130 S. Ct. at 1672;

*Norman*, 836 F.2d at 1299.  The resulting lodestar is "presumed to be the reasonable fee." *Blum*

*v. Stenson*, 465 U.S. 886, 897 (1984). In addition to hours worked by lawyers, the lodestar

includes hours worked by paralegals and law clerks. *Missouri v. Jenkins ex rel. Agyei*, 491 U.S.

274, 285289 (1989).

>    **B.**    **Counsel Spent a Reasonable Number of Hours at Reasonable Hourly**
>             **Rates**

10.    Plaintiffs seek compensation for time reasonably spent prosecuting this action for

over one year, prevailing at each stage of the litigation, at reasonable hourly rates. Specifically,

Plaintiffs request compensation for a total of 131.5 hours, totaling $34,175.00 in fees.

>    1) Counsels' Time Records Document the Actual and Reasonable Number of
>       Hours Expended In This Litigation

11.    All requested hours are based on contemporaneous time records and are supported

by declarations and exhibits documenting the tasks performed by counsel and the time devoted to

each task.  The submitted records are "of sufficient detail and probative value to enable the [c]ourt

to determine with a high degree of certainty that such hours were actually and reasonably expended

in the . . .litigation." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 552-53 (6th Cir. 2008)

(citation and internal quotation marks omitted); *Gowen Oil Co. v. Abraham,* No. CV 210-157,

2012 WL 1098568, at *3 (S.D. Ga. Mar. 30, 2012) (finding that when the plaintiffs' counsel

"provided detailed itemized bills documenting every action" and "[i]mportantly . . . submitted ...

[an] affidavit . . .[,] they "provided ample and specific evidence demonstrating the actual fees it

incurred."). Indeed, "Defendants' counsel, of course, is not required to record in great detail how

each minute of his time was expended." *Hensley*, 461 U.S. at 437 n.12. Rather, counsel need only "identify the general subject matter of his time expenditures." *Id.*

12.     Moreover, in considering whether the amount of time was reasonable, counsel's "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988); *see also Heinkel ex rel. Heinkel v. Sch. Bd. of Lee County*, No. 2:04-cv- 184-FtM-33SPC, 2007 WL 2757366, at *6 (M.D. Fla. Sept. 20, 2007) (citing same).

13.     Additionally, the novel and previously undecided issues pursued by Defendants' attorneys in this litigation further demonstrate the reasonableness of the hours expended because "[c]ases of first impression generally require more time and effort on the attorney's part." *See Johnson*, 488 F.2d at 718.

14.     Here, Defendants' counsel has set forth the date of each entry, the timekeeper, and a detailed description of the legal services rendered (see exhibit A time record  and exhibit B affidavit of resaonablness)

### 2) Counsels' Voluntarily-Reduced Hourly Rates Are Reasonable In Light of the Prevailing Market Rate in the Southern District of Florida

15.     The reasonableness of a claimed hourly rate is determined by  "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11) (citations omitted).  Fee awards pursuant to 42 U.S.C. § 1988 are "governed by the same standards which prevail in other types of equally complex Federal litigation."  *Blum*, 465 U.S. at 893 (citation omitted).  As such, to determine the reasonable hourly rate in this litigation,

the court must examine the rate that lawyers of similar skill, reputation, and experience would charge fee-paying clients in similarly complex litigation in the relevant community, as supported by the attached documentation. *Id.* at 895-96 & n.11; *see also Missouri*, 491 U.S. at 286; *Norman*, 836 F.2d at 1300; *Cuban Museum*, 771 F. Supp. at 1191-92.

16.     As a general rule, the relevant community for determining appropriate fee levels is the district where the case was filed, but courts may also award fees at rates determined by the community in which Defendants' counsel resides if there is a lack of local attorneys who are "willing or able to handle" his claims. *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) ("[C]ourts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individuals cases" because "[f]ocusing on the fair market value of the attorney's services will best achieve . . . [Congress's] goal" of attracting competent counsel). Here, Defendants acted reasonably by retaining counsel in Florida, who had specific expertise in civil rights and constitutional law, and who was willing to take on their case.

### III.     PLAINTIFFS ARE ENTITLED TO RECOVER COSTS AND EXPENSES IN ADDITION TO FEES.

17.     As the prevailing party in this action, Defendants are also entitled to recover costs and expenses in addition to attorney's fees. As the Eleventh Circuit has explained, "[t]he fee statutes provide for the reimbursement of reasonable costs incurred as well as the award of attorney's fees." *Brooks v. Ga. State Bd. of Elections*, 997 F.2d 857, 861 n.3 (11th Cir. 1993). This is "because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1190 (11th Cir. 1983); *see*

*also Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983) ("Items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount."), *overruled on other grounds* by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987); *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) ("[R]easonable out-of-pocket expenses of the kind normally charged to clients by attorneys . . . should have been included as part of the reasonable attorney's fees awarded." (citation omitted)).

## IV. DEFENDANTS HAVE PROVIDED PROPER DOCUMENTATION SUPPORTING ITS REQUEST.

18.     Defendants request a total award of $32,100.00 in fees and  $5,000.00 in cast and expenses as payment to expert on this case.

19.     Courts in the 9th Circuit have allowed recovery for time spent preparing fee applications. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010) ("Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees." (citation omitted)); *Villano*, 254 F.3d at 1309  ("A prevailing party is entitled to reasonable compensation for litigating a § 1988 award." (citation omitted)); *Jonas v. Stack*, 758 F.2d 567, 569 (11th Cir. 1985) (permitting "an attorney to be compensated for the costs reasonably incurred . . . [in relation to] his fee application"); *Dougan v. Moore*, No. 3:91-cv-11-J-10, 2000 U.S. Dist. LEXIS 22662, at *20 (M.D.Fla. Jan. 25, 2000) (finding that "[g]enerally, under the Civil Rights Attorney's Fees Awards Act of 1976 ('CRAFAA'), 42 U.S.C. §1988, fees for preparing a motion requesting costs and fees, or 'fees on fees,' are recoverable.").

## CERTIFICATE OF GOOD FAITH
## COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for Defendant sent two electronic messages and two telephone call in compliance with this section. The last email highlighted that his lack of response would be taken to mean that Plaintiff is not in agreement as to any section of our motion to tax fees and costs and that our office would move forward appropriately. This Plaintiff has continually been hard to converse with and its is unlikely that an agreement can be made to the substance of the above motion.

## <u>VERIFICATION</u>

Under penalties of perjury, we declare that we have read the foregoing and that the facts stated herein are true and correct.

## <u>CONCLUSION</u>

As the prevailing party and based on the foregoing, Defendants respectfully request that this Court award attorneys' fees in the amount of $32,100.00 and costs and expenses in the amount of $5,000.00 as supported in the attached exhibits.

Dated this ___10__ day of **January, 2018.**

Respectfully submitted,

AOUADI LAW

___/s/ Tark Richard Aouadi, Esq._____

283 Cranes Roost Boulevard 111

Altamonte Springs FL 32701
FLBN 0671223
407-339-0543
[tark@aouadilaw.com](mailto:tark@aouadilaw.com)
For Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Mohammed Jameel Shaikh | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | 6:17-CV-367-ORL-40TBS |
| Hussam Reziqa, et al. | * | |
| | * | |
| | * | |
| Defendants | * | |

---

### AFFIDAVIT AS TO REASONABLE ATTORNEY'S FEES IN SUPPORT OF DEFENDANTS' VERIFIED MOTION TO RECOVER ATTORNEYS' FEES AND COSTS AND ACCOMPANYING MEMORANDUM OF LAW

Before me, the undersigned authority, personally appeared Erich Schuttauf, who was sworn and says that the following statement is true:

1. I am an attorney licensed to practice in the state of Florida since 1994, and am licensed in the Middle District Court of Florida. I am familiar with the fees that are customarily charged by attorneys and legal assistants and allowed by the court and know the reasonable value of such legal work.

2. I have been advised as to the amount of work performed in this case. In my opinion the sum of $250.00 per hour for attorney fees and $175.00 per hour for paraprofessional fees are not excessive hourly fees. The standard hourly fee for Federal Court Practice is in most cases for an attorney with 13 years of experience is likely to be $350 to $450.00 an hour for such practice .

3. I have also reviewed the time sheets for this matter and believe that it accurately reflects the time it takes to prosecute a Federal case through discovery and expert witness selection with the stated motions practice outlined in the billing statements. It is my belief that 136.7 hours to perform the work outlined in the billing statements reviewed by me is also reasonable.

_____
Erich Schuttauf


STATE OF FLORIDA )
 )
COUNTY OF ~~ORANGE~~ OSCEOLA )

 **SWORN TO AND SUBSCRIBED** before me, this ____10____ day of January 2018, by Affiant, Erich Schuttauf, who is personally known to me or who has produced a Florida driver's license as identification.

_____
NOTARY PUBLIC

[Print, type or stamp commissioned name of notary]

OSCAR VEGA
NOTARY
My Comm. Expires
June 25, 2021
No. GG 118415
PUBLIC
STATE OF FLORIDA

| | | |
|---|---|---|
| **Balance** | $3,875.00 |
| **Invoice #** | 00099 |
| **Invoice Date** | April 3, 2017 |

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 03/10/2017 | | Email | 3 email for the day at .2 per email. | 175.00 | 0.6 | 105.00 |
| 03/11/2017 | | Email | 3 email for the day at .2 per email. | 175.00 | 0.6 | 105.00 |
| 03/12/2017 | TRA | Review | Review Complaint and allegations from Federal Law Suit Filed by Plaintiff | 250.00 | 1.6 | 400.00 |
| 03/13/2017 | TRA | Research Case Law | Gather case law for motion to dismiss | 250.00 | 1.4 | 350.00 |
| 03/16/2017 | TRA | Review | Review existing case dockets and prior law suits involving Plaintiff for use in suit and to prove vexatious litigant status of Plaintiff. | 250.00 | 1.0 | 250.00 |
| 03/17/2017 | TRA | DRAFT | Draft 12 b 6 Motion and update case law. | 250.00 | 3.7 | 925.00 |
| 03/18/2017 | | Email | 5 emails for the day at .2 per email. | 175.00 | 1.0 | 175.00 |
| 03/19/2017 | | Email | 1 email for the day at .2 per email. | 175.00 | 0.2 | 35.00 |
| 03/20/2017 | | Email | 1 email for the day at .2 per email. | 175.00 | 0.2 | 35.00 |
| 03/21/2017 | | Email | 1 email for the day at .2 per email | 175.00 | 0.2 | 35.00 |
| 03/22/2017 | | Email | 1 email for day at .2 per email. | 175.00 | 0.2 | 35.00 |
| 03/22/2017 | | Email | 1 email for the day at .2 per email. | 175.00 | 0.2 | 35.00 |
| 03/26/2017 | | Email | 2 email from day at .2 per email | 175.00 | 0.4 | 70.00 |
| 03/27/2017 | | Email | 2 emails from the day at .2 per email | 175.00 | 0.4 | 70.00 |
| 03/31/2017 | TRA | Review | Review Motion for Default. | 250.00 | 0.3 | 75.00 |
| 04/02/2017 | TRA | CONFERENCE WITH CLIENT | Conference with named Defendants in action to address strategy and questions they have regarding the case and future actions. 11:30 to 1:30. | 250.00 | 2.0 | 500.00 |
| 04/02/2017 | TRA | Travel Time | Travel to Ormond Beach to meet with the Board of ICDB in Business office of EC member 10 in attendance plus attorney and office manager. | 250.00 | 2.7 | 675.00 |

**Aouadi Law**
283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| Non-billable Time Entries: | | | | | | |
|---|---|---|---|---|---|---|
| 04/03/2017 | | Prepare | 7 follow up discussions with clients by office manager Piero Navarro to discuss case management, intake, billing inquires, facts regarding case, prior acts of plaintiff, and pertinent case information. | 175.00 | 4.3 | 752.50 |

| | |
|---|---|
| Totals: | **21.0** | **$3,875.00** |

| | |
|---|---|
| Time Entry Sub-Total: | 3,875.00 |
| **Sub-Total:** | 3,875.00 |
| **Total:** | 3,875.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$3,875.00** |

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 04/13/2017 | TRA | Review | Review Objection to Motion to Dismiss filed by Plaintiff | 250.00 | 1.5 | 375.00 |
| 04/14/2017 | TRA | Email | 34 emails at .2 per email from April 14 through April 17 with Plaintiff and ICDB board members regarding case management, motions practice, objections, sanctions, and pending issues. | 250.00 | 6.8 | 1,700.00 |
| 04/17/2017 | TRA | CONFERENCE WITH CLIENT | Spoke to Hussam President of the Board of ICDB about response to Motion to Enjoin Trespass | 250.00 | 0.4 | 100.00 |
| 04/18/2017 | TRA | Review | Plaintiff motion to enjoin trespass | 250.00 | 1.6 | 400.00 |
| 04/19/2017 | TRA | DRAFT | Response to Motion to Enjoin Trespass and research case law and argument. | 250.00 | 4.4 | 1,100.00 |
| 04/19/2017 | TRA | Strategy | Talk over strategy based on Piero Navarro conversation with Hussam President of the Board of ICDB on response to Motion for injunctive relief | 250.00 | 0.3 | 75.00 |
| 05/13/2017 | TRA | Attend | Prepare for, Travel to Daytona Beach, and Meet with opposing party regarding CMC status report and agreed time line. | 250.00 | 5.6 | 1,400.00 |
| 05/15/2017 | TRA | CONFERENCE WITH CLIENT | Debrief Hussam President of the Board of ICDB and Doctor Suleiman regarding case management report meeting with the Plaintiff. | 250.00 | 0.8 | 200.00 |
| **Non-billable Time Entries:** | | | | | | |
| 04/19/2017 | TRA | Review | Information sent from Hussam President of the Board of ICDB on businesses in the area and trespass limits | 250.00 | 0.5 | 125.00 |
| 04/28/2017 | TRA | CONFERENCE WITH CLIENT | 4 conversations with Piero Navarro regarding case status updates and strategy with Hussam President of the Board of ICDB and other members of the Board and EC. | 250.00 | 2.3 | 575.00 |
| | | | | Totals: | **24.2** | **$5,350.00** |

**Aouadi Law**
283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| Time Entry Sub-Total: | 5,350.00 |
| **Sub-Total:** | 5,350.00 |
| **Total:** | 5,350.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$5,350.00** |

**Aouadi Law**
283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| **Balance** | $4,950.00 |
| **Invoice #** | 00102 |
| **Invoice Date** | June 19, 2017 |

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 06/12/2017 | TRA | DRAFT | RESEARCH CASE LAW, DRAFT, AND REVIEW MEMO IN SUPPORT OF MOTION TO DISMISS of the 8 count complaint filed by Plaintiff. | 250.00 | 14.9 | 3,725.00 |
| 06/13/2017 | TRA | Review | REVIEW NEW BY LAWS AND DETAIL INQUIRY AS TO PROPRIETY OF AD HOC COMMITTEE DEMAND SUBMITTED BY PLAINTIF TO BOARD OF THE ICDB | 250.00 | 0.8 | 200.00 |
| 06/13/2017 | TRA | CONFERENCE WITH CLIENT | CONFERENCE WITH Dr. SUELIMAN MEMBER OF BOARD OF ICDB AND HUSSAM PRESIDENT OF THE BOARD OF ICDB REGARDING THE PROPRIETY OF AD HOC COMMITTEE AND STEPS TO DISCREDIT THE ALLEGATIONS OF THE COMPLAINANTS. | 250.00 | 0.8 | 200.00 |
| 06/14/2017 | TRA | CONFERENCE WITH CLIENT | REGARDING INTERVIEW FOUR EXPERT WITNESS COMPANIES FOR USE IN EXAMINING BY LAWS AND AUDITING BOOKS FOR USE IN FEDERAL LITIGATION PURSUIANT TO TRIAL ORDER DEAD LINE ON EXPERT TESTIMONY. | 250.00 | 2.5 | 625.00 |
| 06/14/2017 | TRA | CONFERENCE WITH CLIENT | CONFERENCE WITH THE BOARD ON STEPS TO TAKE FOR LITIGATION AND NEW PETITION BEING CIRCULATED BY PLAINTIFF  TO DISCREDIT THE BOARD. | 250.00 | 0.8 | 200.00 |
| | | | Totals: | | **19.8** | **$4,950.00** |

**Terms & Conditions:**

invoice due within 5 days of receipt.

| | |
|---|---|
| Time Entry Sub-Total: | 4,950.00 |
| **Sub-Total:** | 4,950.00 |
| **Total:** | 4,950.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$4,950.00** |

**Aouadi Law**

283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| **Balance** | $6,850.00 |
| **Invoice #** | 00104 |
| **Invoice Date** | July 15, 2017 |

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 06/28/2017 | TRA | Project Due Diligence | Search expert 501 C 3 Examiner | 250.00 | 2.0 | 500.00 |
| 06/29/2017 | TRA | Project Due Diligence | Interview first two examiners | 250.00 | 1.8 | 450.00 |
| 06/30/2017 | TRA | Project Due Diligence | Interview last two experts | 250.00 | 3.2 | 800.00 |
| 07/13/2017 | TRA | Project Due Diligence | Conversation with Piero regarding selection and final requirements for expert to give direction to the board. | 250.00 | 0.4 | 100.00 |
| 07/15/2017 | TRA | EXPERT RETAINER FEE | BILLING FOR INTITAL RETAINER OF SELECTED EXPERT WITNESS IRS TAX EXAMINER, CERTIFIED IRS REGISTERED AGENT, and Fraud Examiner- Edmond Martin- billed at $250 per hour. | 5,000.00 | flat | 5,000.00 |

| | | |
|---|---|---|
| Totals: | **7.4** | **$6,850.00** |

| | | |
|---|---|---|
| **Terms & Conditions:** Invoice Due Upon Receipt | Time Entry Sub-Total: | 6,850.00 |
| | **Sub-Total:** | 6,850.00 |
| | **Total:** | 6,850.00 |
| | **Amount Paid:** | 0.00 |
| | **Balance Due:** | **$6,850.00** |

**Aouadi Law**

283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| **Balance** | $3,875.00 |
| **Invoice #** | 00105 |
| **Invoice Date** | July 26, 2017 |

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 07/18/2017 | TRA | DRAFT | Request for production 3.5, Request for admissions 2.0, Interrogatories 5.0 and research into maximum amount of inquires allowed and possible objections and responses to objections 4.0 | 250.00 | 14.5 | 3,625.00 |
| 07/25/2017 | TRA | Strategy | Spoke with office manager about the strategy of the discovery requests and the concerns of the ICDB for communication to Hussam President of the Board of ICDB and update. | 250.00 | 1.0 | 250.00 |
| | | | | Totals: | **15.5** | **$3,875.00** |

**Terms & Conditions:**

Due upon Receipt. Send Payment to Palm Beach office
C/O Piero Navarro
1961 West 9 Street Suite B
Rivera Beach FL 33404

| | |
|---|---|
| Time Entry Sub-Total: | 3,875.00 |
| **Sub-Total:** | 3,875.00 |
| **Total:** | 3,875.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$3,875.00** |

**Aouadi Law**

283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| **Balance** | $975.00 |
| **Invoice #** | 00108 |
| **Invoice Date** | August 31, 2017 |

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 08/15/2017 | TRA | Discussion with Expert | Call to expert about transfer of documents and required information for review, and about the expectations of our office as to outcome of the audit and request for professional opinion. Discussion about potential court testimony and expert report which is required from the audit and corresponding conversation with office manager regarding needed documents remaining to be submitted for review. | 250.00 | 1.2 | 300.00 |

| Date | | Description | Description | Rate | Hours | Amount |
|------|------|-------------|-------------|------|-------|--------|
| 08/21/2017 | TRA | Call on strategy and responses from client between office manager and attorney. | Spoke about requirements of the expert for document review and the mode with which to deliver the needed information. | 250.00 | 0.3 | 75.00 |
| 08/22/2017 | TRA | Call on strategy and responses from client between office manager and attorney. | Review documents sent from accountant of ICDB and required additional information. | 250.00 | 0.7 | 175.00 |

| Date | | Description | Description | Rate | Hours | Amount |
|------|------|-------------|-------------|------|-------|--------|
| 08/24/2017 | TRA | Call on strategy and responses from client between office manager and attorney. | Review supplemental documents sent by ICDB for expert review. | 250.00 | 0.4 | 100.00 |
| 08/28/2017 | TRA | Discussion with Expert | Call to expert about his review of the 2016 documents and the preliminary findings of the audit. Spoke specifically about report findings and what is needed to be examined in the 2015 information. Spoke about the problematic irregular language in the old by laws and expert opinion on the same. Received a green light on bylaws and revisions, and corresponding conversation to office manager to apprise client of findings. | 250.00 | 1.3 | 325.00 |
| | | | | Totals: | **3.9** | **$975.00** |

**Terms & Conditions:**

Due upon receipt.

| | |
|---|---|
| Time Entry Sub-Total: | 975.00 |
| **Sub-Total:** | 975.00 |
| **Total:** | 975.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$975.00** |

**Aouadi Law**

283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| **Balance** | $4,825.00 |
| **Invoice #** | 00109 |
| **Invoice Date** | September 25, 2017 |

---

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 09/05/2017 | TRA | Strategy | Call with Office Manager regarding ICDB concerns | 250.00 | 0.6 | 150.00 |
| 09/12/2017 | TRA | Conference with Expert Witness | Regarding the status of report and findings of the analysis | 250.00 | 0.8 | 200.00 |
| 09/19/2017 | TRA | Email | To Defendant regarding discovery demand | 250.00 | 0.3 | 75.00 |
| 09/19/2017 | TRA | Call to Opposing Side | Regarding request for discovery | 250.00 | 0.1 | 25.00 |
| 09/19/2017 | TRA | Review | Certified mailing receipts to confirm status of certified mailing of Demand for discovery, and call to post office regarding the same with request to send unclaimed mail back to our office for the file. | 250.00 | 0.8 | 200.00 |
| 09/20/2017 | TRA | Call to Judicial Assistant | Regarding the status of Motion to Dismiss | 250.00 | 0.2 | 50.00 |
| 09/20/2017 | TRA | Call to Opposing Side | Regarding discovery demand | 250.00 | 0.1 | 25.00 |
| 09/22/2017 | TRA | DRAFT | Research and Draft Motion to Compel Discovery Response to Discovery Request | 250.00 | 4.5 | 1,125.00 |
| 09/27/2017 | TRA | Email | From Plaintiff regarding discovery and our demand. He is claiming he never received discovery which was delivered via regular US mail and rejected by certified mail return receipt. | 250.00 | 0.2 | 50.00 |

| 09/29/2017 | TRA | Email | To Plaintiff regarding discovery and our demand and draft motion to compel and extension of 10 days to comply with discovery demand and review of the federal rules regarding required attempts to resolve discovery issues and review over past rulings on discovery issues. | 250.00 | 2.5 | 625.00 |
|---|---|---|---|---|---|---|
| 09/29/2017 | TRA | DRAFT | Motion to deem Request for admissions admitted, due to Plaintiff's failure to respond to Request for Admissions with research on federal time lines. | 250.00 | 3.7 | 925.00 |
| 10/04/2017 | TRA | Call to Police | Preparation and calls to 4 jurisdictions and local police station regarding acts of Plaintiff toward Defendants requesting all reports. Request for all police reports on subject's residence, conduct and review Lexus asset and background search of Plaintiff and any new pending actions around Volusia County and surrounding areas. | 250.00 | 5.5 | 1,375.00 |
| | | | Totals: | | **19.3** | **$4,825.00** |

**Terms & Conditions:**

Due upon receipt.

| | |
|---|---|
| Time Entry Sub-Total: | 4,825.00 |
| **Sub-Total:** | 4,825.00 |
| **Total:** | 4,825.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$4,825.00** |

**Aouadi Law**

283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| **Balance** | $5,150.00 |
| **Invoice #** | 00113 |
| **Invoice Date** | December 17, 2017 |

---

**Shiekh v ICDB**

Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 10/16/2017 | TRA | Conference with Expert Witness | Call regarding report progress, conclusions, and upcoming deadlines. | 250.00 | 0.8 | 200.00 |
| 10/17/2017 | TRA | Email | From Shiekh regarding demand for discovery and him stating that he received no notices of the same. | 250.00 | 0.4 | 100.00 |
| 10/17/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 10/18/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 10/24/2017 | TRA | Email | From Shiekh re discovery | 250.00 | 0.2 | 50.00 |
| 10/25/2017 | TRA | Case Strategy Conference with Paralegal and Office Manager | Regarding Motion to compel and obtaining discovery from Shiekh who is stating that he either has not received the requests has not received calls due to being out of town and how to document and present these blocks to the court. | 250.00 | 2.5 | 625.00 |
| 10/27/2017 | TRA | Federal Docket Review | Review current status of pleadings to ensure no filing has been made with the court by Shiekh | 250.00 | 0.6 | 150.00 |
| 10/31/2017 | TRA | Review | Docket entry Striking Discovery Filing | 250.00 | 0.2 | 50.00 |
| 11/06/2017 | TRA | Review | Order Striking Docket Entry | 250.00 | 0.2 | 50.00 |
| 11/06/2017 | TRA | Call to JA | Regarding Order to Strike docket entry and our attempts to compel discovery with non-responsive answers and lacking responses from Shiekh. | 250.00 | 0.5 | 125.00 |

| 11/07/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
|---|---|---|---|---|---|---|
| 11/07/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 11/08/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 11/09/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 11/13/2017 | TRA | Review | Review of Asset Report and West search | 250.00 | 3.2 | 800.00 |
| 11/21/2017 | TRA | Email | Demand for supplemental discovery by 12/5/2017 | 250.00 | 0.4 | 100.00 |

| 11/21/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
|---|---|---|---|---|---|---|
| 11/21/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 11/22/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 11/23/2017 | TRA | Call to Pro Se Litigant | Preparation and call to Shiekh | 250.00 | 0.2 | 50.00 |
| 11/28/2017 | TRA | Conference with Potential Mediator | Call with Honeywell Mediation, Glazier and Chapman, regarding potential for mediation of the federal case, factual review, and review of scheduling order. | 250.00 | 3.2 | 800.00 |
| 11/29/2017 | TRA | Review | Docket Review and calendaring deadlines check | 250.00 | 0.5 | 125.00 |
| 12/12/2017 | TRA | Research | Time gap on disclosure of initial expert report of Plaintiff and possibility of sanctions for failure of disclosure of experts and memorandum of law in support of sanction. | 250.00 | 3.7 | 925.00 |
| 12/14/2017 | TRA | Conference with Expert Witness | Regarding initial disclosure of expert report | 250.00 | 0.8 | 200.00 |
| 12/15/2017 | TRA | Review Final Judgment | Review final judgment on motion to dismiss case dismissed with prejudice. | 250.00 | 0.6 | 150.00 |
| 12/16/2017 | TRA | CONFERENCE WITH CLIENT | Regarding Order and next steps. | 250.00 | 0.8 | 200.00 |
| | | | Totals: | | 20.6 | $5,150.00 |

**Aouadi Law**
283 Cranes Roost Blvd Suite 111
Altamonte Springs, Florida 32701
United States
4079824325

| | |
|---|---|
| Time Entry Sub-Total: | 5,150.00 |
| **Sub-Total:** | 5,150.00 |
| **Total:** | 5,150.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$5,150.00** |

| | |
|---|---|
| **Balance** | $1,250.00 |
| **Invoice #** | 00114 |
| **Invoice Date** | January 4, 2018 |

**Shiekh v ICDB**

**Time Entries**

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 01/04/2018 | TRA | DRAFT | Motion to Tax attorney fees and costs, affidavit or reasonableness and file | 250.00 | 5.0 | 1,250.00 |

| Totals: | **5.0** | **$1,250.00** |
|---|---|---|

| | |
|---|---|
| Time Entry Sub-Total: | 1,250.00 |
| **Sub-Total:** | 1,250.00 |
| **Total:** | 1,250.00 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$1,250.00** |